## PEOPLE v COLLINS

CRIMINAL LAW—UNRELATED CRIMES—CUMULATIVE TESTIMONY.

Testimony that the defendant, charged as an accessory in that she drove her son and another to the scene of breaking and entering, had on another occasion driven the witness to the scene where he committed breaking and entering, was, even assuming the testimony was inadmissible, only harmless error where two other prior witnesses had testified as to defendant's involvement in other similar crimes without defendant's objecting, because the witness's testimony was only cumulative.

Appeal from Van Buren, James E. Hoff, J. Submitted Division 3 December 9, 1971, at Grand Rapids. (Docket No. 11022.) Decided January 25, 1972.

Miriam Collins was convicted of breaking and entering as an accessory before the fact. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Martin I. Reisig,* Assistant Defender, for the defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 320 *et seq.*

Before: R. B. BURNS, P. J., and FITZGERALD and
V. J. BRENNAN, JJ.

PER CURIAM. Defendant was convicted by a jury
of breaking and entering (MCLA 750.110; MSA
28.305) as an accessory before the fact (MCLA
767.39; MSA 28.979). At defendant's trial, her son
testified that he and one of his friends actually
broke in and robbed the house in question, but that
defendant selected the house and drove him and his
friend to and from the premises. Defendant's son
also testified that he and his mother were also in-
volved in several other breaking and enterings, and
that defendant always drove him to and from the
scene. The other boy involved, the friend of defend-
ant's son, corroborated this testimony.

Mr. Ruth Avery Spradlin was called to testify.
The defendant objected to Mr. Spradlin's testimony,
and this objection was overruled by the court. The
witness testified to another similar crime involving
him and the defendant, in which defendant drove a
car to and from the scene.

On appeal, defendant urges that the admission of
Mr. Spradlin's testimony was error in that his testi-
mony does not come within the statutory exception[1]
to the general rule that testimony regarding other
unrelated crimes is not admissible in a criminal
prosecution.[2]

We express no opinion regarding the admissibil-
ity of Mr. Spradlin's testimony; we need not reach
this question. Even if we were persuaded to adopt
defendant's argument that this testimony does not
fall within the statutory exception (*supra,* footnote
1) we would be forced to conclude that the error was

---

[1] MCLA 768.27; MSA 28.1050.
[2] *People* v *Jenness,* 5 Mich 305 (1858); *Lightfoot* v *People,* 16
Mich 507 (1868).

harmless. Without any objection from the defendant, two other witnesses testified to defendant's involvement in other similar crimes. At the time he was called to the stand, Mr. Spradlin's testimony was merely cumulative. Furthermore, the judge gave an adequate instruction limiting the jury's consideration of such testimony to the purposes contained in the aforementioned statutory exception.

Affirmed.